UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 10-320 |
| WILLIE M. WILLIAMS | SECTION: J(5) |

**ORDER AND REASONS**

Before the Court is Defendant Willie William's Motion to Find Good Cause or Excusable Neglect for Untimely Notice of Appeal (Rec. Doc. 59). The Government does not oppose Defendant's motion.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Defendant Willie M. Williams was indicted and pled guilty to the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On July 28, 2011, Defendant was sentenced to 70 months in prison, subject to a term of three years of supervised release. Judgment was subsequently entered on August 2, 2011. On August 19, the Court received Defendant's notice of appeal dated August 17, 2011, alleging ineffective assistance of counsel.

1

The United States Court of Appeals for the Fifth Circuit found that the notice of appeal had been filed later than 14 days from the entry of judgment but within the 30-day period during which a defendant is entitled to an extension of time if the delay was due to excusable neglect or good cause. Accordingly, it remanded the case for a determination as to whether excusable neglect or good cause existed. <u>See</u> Rec. Doc. 58. On October 14, 2011, pursuant to the Fifth Circuit's order, Defendant filed a motion requesting the Court to find good cause or excusable neglect for his untimely notice of appeal. The Government filed a response indicating that it does not oppose Defendant's motion.

## DISCUSSION

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure requires a criminal defendant to file a notice of appeal within fourteen days of entry of judgment or order from which appeal is taken. In this case, the Court entered judgment on August 2, 2011, giving Defendant until August 16, 2011 for Defendant to file his notice of appeal. His notice of appeal was dated August 17, 2011, and was not received until August 19, 2011. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, however, a district court may grant an additional thirty days in

which to file a notice of appeal if the Court finds that "excusable neglect" or "good cause" exists.

Here, the Court agrees that Defendant has shown both good cause and excusable neglect. The Supreme Court has held that a lawyer who fails to follow a defendant's express instructions that he wishes to appeal performs in a presumptively unreasonable manner. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Here, the Defendant's previous lawyer has acknowledged that he failed to file the notice of appeal after being requested to do so on the date of his sentencing, July 28, 2011. The Court finds that this constitutes a sufficient showing of good cause for Defendant's failure to file the appeal by August 16, 2011.

Further, as Defendant points out, the Fifth Circuit has held that a "district court's grant of a motion to appoint counsel constitutes an implied finding of excusable neglect when an untimely notice of appeal has been filed." United States v. Garcia-Paulin, 627 F.3d 127, 130 n.1 (5th Cir. 2010)(citing United States v. Lister, 53 F.3d 66, 68 (5th Cir. 1995)). Here, the Court construed Defendant's pro se notice of appeal as including a motion for appointment of counsel, which the Court subsequently granted. Thus, under Fifth Circuit precedent, the Court finds that Defendant has shown excusable neglect for his

untimely notice of appeal.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's **Motion to Find Good Cause or Excusable Neglect (Rec. Doc. 59)** is **GRANTED**.

New Orleans, Louisiana, this 4th day of November, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE